

# THE ATTORNEY GENERAL

## OF TEXAS

**JOHN L. HILL**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

August 20, 1976

The Honorable Truett Latimer
Executive Director
Texas Historical Commission
Box 12276, Capitol Station
Austin, Texas   78711

Opinion No. H-866

Re:  Validity of facade easements.

Dear Mr. Latimer:

You have requested our opinion regarding whether facade easements are valid in Texas and whether they may be granted to the Texas Historical Commission.  You state that a facade easement may be defined as

> an easement of the facade of a historic structure, investing a public or a private organization with a property interest in the building's exterior without disturbing private ownership and control of the interior.

Easements may be classified as either "appurtenant" or "in gross."  An easement appurtenant, known as the "servient estate," attaches to, and passes with, a piece of land, known as the "dominant estate."  Drye v. Eagle Rock Ranch, Inc., 364 S.W.2d 196, 203 (Tex. Sup. 1962).  In Drye the Supreme Court indicated that:

> The servient estate is subject to the use of the dominant estate to the extent of the easement granted or reserved. Id. at 207.

By contrast, an easement in gross is a right which attaches to the grantee, but is not dependent upon the existence of a dominant estate in land. Id.; Stuart v. Larrabee, 14 S.W.2d 316, 319 (Tex. Civ. App. -- Beaumont 1929, writ ref'd). As the Texas Supreme Court has observed,

> ordinarily, easements in gross are not transferable or assignable. Drye v. Eagle Rock Ranch, supra at 203.

We believe that a facade easement as you have described it may properly be classified as an easement in gross. It does not require the existence of a dominant estate to which it is appurtenant. Rather, it appears simply to be a right vested in a grantee. Since easements in gross are clearly recognized in Texas, it is our opinion that no special legislation, such as other states have enacted in behalf of "preservation easements," would necessarily be required in order for a Texas court to uphold the validity of a facade easement. See generally Restatement of Property, § 489, at 3041, § 491, at 3044-46; Weber v. Dockray, 64 A.2d 631, 633 (N.J. Super. Ct. 1949); Sandy Island Corp. v. Ragsdale, 143 S.E.2d 803, 807 (S.C. 1965); Kansas City Area Transportation Authority v. Ashley, 485 S.W.2d 641, 645 (Mo. Ct. App. 1972).

As to the authority of the Texas Historical Commission to accept the grant of a facade easement, section 22 of article 6145, V.T.C.S., provides:

> The Commission is authorized and empowered to accept gifts, grants, devises, and bequests of money, securities, or property to carry out the purposes of this Act. (Emphasis added).

Texas courts have recognized that a pipeline easement is "property" in the constitutional sense. McLennan County v. Sinclair Pipe Line Co., 323 S.W.2d 471, 473 (Tex. Civ. App. -- Waco 1959, writ ref'd n.r.e.); Sinclair Pipe Line Co. v. State, 322 S.W.2d 58, 60 (Tex. Civ. App. -- Fort Worth 1959, no writ). See also Settegast v. Foley Bros. Dry Goods Co., 270 S.W. 1014, 1016 (Tex. Comm'n App. 1925, opinion

adopted); Union Properties Co. v. Klein, 333 S.W.2d 864, 867 (Tex. Civ. App. -- Eastland 1960, writ ref'd n.r.e.); Watson v. Wiseheart, 258 S.W.2d 350, 352 (Tex. Civ. App. -- Galveston 1953, writ ref'd n.r.e.). We believe it is clear that an easement in gross may be deemed "property" within the meaning of article 6145. We conclude, therefore, that the Texas Historical Commission is authorized to accept the grant of a facade easement.

### S U M M A R Y

Facade easements are valid in Texas and may be granted to the Texas Historical Commission.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb